[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the intervening plaintiff, who is the beneficiary of an irrevocable education trust, moves for various orders including prohibiting the trustee from foreclosing on certain premises; for an accounting; for an advance of trust funds; to remove the trustee and to terminate the trust with an assignment of assets to the plaintiff, and for counsel fees to be paid by the trustee.
In this case the named parties were divorced in 1982. The judgment ordered the plaintiff husband to convey the marital home to the defendant wife and continue to pay a second mortgage. The wife was required to fund an educational trust in the amount of $25,000. for the benefit of their minor child Dawn, born January 7, 1977, upon the happening of certain contingencies, including her remarriage.
Dawn, presently 18 years of age, is the intervening plaintiff and moving party in the present motion.
In 1990, following contempt proceedings, the parties entered into a stipulation to modify the judgment with the wife refinancing the home for a new mortgage of $105,000. That loan was used to pay, off existing mortgages, attorney's fees for both parties and $12,500. was placed into the educational trust. The balance of the trust money ($12,500.) was funded by a mortgage note and deed in said amount running from the wife to the husband as trustee, which was to be due and payable on Dawn's 18th birthday. (January 7, 1995) with interest.
The wife failed to pay the mortgage note and the husband, as trustee filed a contempt motion against her, which was heard in May, 1995 by this Court, which found that the wife did not have the CT Page 11642 wherewithal to pay the note, thus her failure to do so was not wilful and she was not in contempt.
The daughter of the parties, Dawn, was granted permission to intervene in the case as the sole beneficiary of the educational trust. Her motion was granted in May, 1995, after she had reached her 18th birthday.
The trust in question is called the "Dawn Marie Sorden Educational Trust." One of its provision reads as follows: "When Dawn Marie Sorden attains the age of eighteen (18), the trustees shall expend the income and principal of the trust to pay for the education of Dawn Marie Sorden at any accredited educational institution which Dawn Marie Sorden elects to attend. The trustees shall pay for the costs of tuition, room, board, books, lab fees, university fees and other miscellaneous educational costs."
Another clause provides: "When Dawn Marie Sorden reaches the age of twenty-one (21), this trust shall terminate and all remaining income and principal shall be distributed to her free of trust."
The purpose of the trust is to secure the beneficiary an education, free from the uncertainties of the financial future of the parties. In addition the trust was non-revocable.
Both parents are trustees, however, the father retained sole responsibility for collecting the note payable to the trust, since the mother was the maker.
Dawn continues to live in the former marital home with her mother — the home conveyed to the mother in the dissolution and subsequently remortgaged by her.
She is now a full time student at Manchester Community Technical College, and works 20 to 25 hours per week at a Stop and Shop market earning $5.25 per hour. She has a 1985 automobile which she uses for transportation to school and work. She pays her mother $20.00 per week for room and board but has agreed to pay $50.00 per week if she can.
The father — trustee objects to payment for room and board while Dawn is living in her mother's home. He views the request as a device to effectively continue child support, which terminated on Dawn's eighteenth birthday, and he further argues that the trust CT Page 11643 should not pay money to someone (the wife) who herself owes money to the trust.
He has, as a trustee, paid the college tuition, fees and books — approximately $1100. to date. Dawn hopes to transfer to a State of Connecticut University after two years at MCTC, and the trust held approximately $15300. in May 1995, (which was prior to the $1100. in tuition payments made). With the foregoing factual background, the Court will now take up the intervening plaintiff's several requests.
1. Pursuant to Connecticut General Statute 52-401 the defendant, as trustee, is obliged to provide an accounting to the beneficiary. Showing counsel a bank book is not adequate. The defendant shall provide an accounting from August 1990 in proper form within twenty-one (21) days of this decision.
2. The trustee shall advance funds to the beneficiary for her room and board at the rate of $50.00 per week retroactive to June 26, 1995 for as long as she is enrolled as a full-time college student. This payment shall be made through the summer vacation, but shall cease if the plaintiff does not enroll for the fall semester in an accredited educational institution. This is a reasonable expense and complies with the terms of the trust.
3. The request to remove the defendant as trustee is denied without prejudice. Subject to the accounting, there is no evidence the trustee has dissipated or mismanaged funds or that he has as yet, taken action inimical to the interest of the beneficiary.
4. The trustee testified that it is not his intention to foreclose on the note owing to the trust, since he is aware that there is insufficient equity in the property to do so. The beneficiary continues to live there and it is in her interest that it not be foreclosed. The trustee is prohibited from foreclosing on the mortgage held by the trust until further order of the Court which the Court intends to be granted only upon a significant change in circumstances and if the best interests of the beneficiary warrant it.
5. The Court does not find that the trustee has acted maliciously, or in breach of his fiduciary duties. The request that he be ordered to pay counsel fees personally is denied.
Klaczak, J. CT Page 11644